IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| BUD PETTIGREW, | ) | Case No. 4:12-CV-3159 |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **JOINT STIPULATION FOR** |
| | ) | **PROTECTION ORDER** |
| | ) | |
| | ) | |
| CHERRY COUNTY SCHOOL DISTRICT | ) | |
| NO. 16-0006 a/k/a VALENTINE | ) | |
| COMMUNITY SCHOOLS AND f/k/a | ) | |
| VALENTINE RURAL HIGH SCHOOL, | ) | |
| | ) | |
| Defendant. | ) | |

WHEREAS, the parties agree that parties to this action may consider certain information, documents, and other items discoverable in the above-captioned matter, pursuant to FED. R. CIV. P. 26(c), to be confidential and that such party may seek to protect such items from disclosure, or to designate such items confidential to avoid making such information available to non-disclosed party representatives, party employees, non-parties or the general public;

IT IS HEREBY STIPULATED AND AGREED by and between the parties hereto, through their undersigned counsel, that:

1.     The following definitions shall apply to the Stipulated Protective Order to be issued in this action:

"Attorneys" means counsel of record;

1

"Confidential" documents or materials are documents designated pursuant to paragraph 2;

"Protected" documents or materials are documents and/or materials designated pursuant to paragraph 2, and protected in accordance with and Order of this Court;

"Documents" are all materials within the scope of FED. R. CIV. P. 26 and 34;

"Written Assurance" means an executed document in the form attached as Exhibit A.

2.      Confidential and/or Protected Documents/Material.  As used herein, the term "Confidential and/or Protected Documents/Material" shall mean "confidential personal information designated by a party in good faith to be confidential," and/or "information protected by state statute and any Order of this Court."  Pursuant to Order of this Court, the following information is also considered Confidential or Protected Material and/or Confidential or Protected Information:  In Document #26 (hereinafter "Order to Compel") the Court ordered Thayer County School District No. 85-0070 to produce all employment records related to its past employment of Plaintiff, subject to a Protection Order (Document #33) entered by the Court.  Cherry County has issued subpoenas duces tecum to two other school districts, Pender Public Schools a/k/a Thurston County School District No. 87-0001 ("Pender") and Paxton Consolidated Schools a/k/a Keith County School District 51-0006 ("Paxton")

2

seeking the production of all employment records from these schools related to their past employment of Plaintiff.  The undersigned herby stipulate that Pender and Paxton will disclose the requested documents under the terms of this Protection Order, which are identical to the terms of Document #33, the Protection Order previously entered by the Court regarding the Thayer County School District No. 85-0070 documents.  A party may designate any document, including interrogatory responses, other discovery responses, or transcripts, to be "Confidential" or "Protected" that it in good faith contends to constitute or contain Confidential or Protected Material or Information.

Each party shall designate such material it deems "Confidential" or "Protected" by marking all documents with the designations "Confidential" or "Protected."  In lieu of marking a document with said designations, the producing party can produce written documentation in which it identifies the documents it designates "Confidential" or "Protected."  Only such portions of a deposition transcript as are affirmatively designated in writing by a party to be "Confidential" or "Protected" shall be treated as confidential and/or protected.  The party designating a portion of a deposition transcript as such shall provide written notice to all parties by listing the page and inclusive line numbers of the material to be kept confidential/protected, and shall designate such pages confidential and/or protected. In any deposition transcript in which any portion of the transcript has been designated confidential/protected by any party, the court reporter, or the party holding the

3

original transcript, shall imprint the word "Confidential" or "Protected" on the front page of the original of the deposition transcript.   A deposition containing confidential/protected information shall not be filed with this Court unless it is filed as provided in Paragraph 5 of this Joint Stipulation for Protection Order.

Expert reports and/or summaries containing Confidential Information shall be automatically deemed confidential and/or protected if the information used to prepare the expert reports and/or summaries included Confidential and/or Protected Materials and/or Confidential and/or Protected Information. An expert report may avoid such a designation if the expert report avoids specifically referencing confidential or protected information and/or replaces confidential or protected information with non-confidential/protected descriptions.

3.     Litigation of This Action.  As used herein, the phrase "litigation of this action" shall mean preparation for any hearing, trial, or appeal of this action, including specifically, but not exclusively, pre-trial discovery, trial of this action, any alternative dispute resolution in this action, including but not limited to mediation, and preparation for, participation in, and litigation and defense of, any appeal, rehearing, review or other judicial proceeding which relates to the subject matter of this action.

4.     Use of Confidential or Protected Information: Unless and until agreed by the undersigned parties, or ordered by the Court, all materials and information appropriately designated to be "Confidential" and/or "Protected," and any summaries, compilations or other work product which contains or reflects such

4

confidential/protected materials, shall be kept and treated as confidential or protected and shall be used only for purposes of the litigation of this action. Confidential and/or Protected Materials designated as such shall not be disclosed to any person or entity other than: (a) Counsel of record for the parties in this action, including partners, associates and employees of such counsel; (b) qualified persons recording testimony involving documents or information described in paragraph 1 (i.e., court reporters) and necessary stenographic or clerical assistants thereof; (c) to the extent necessary for the litigation of this action, the named parties themselves, including any trustees, administrators, officers, directors, employees or agents of the named parties; (d) to the extent necessary for the litigation of this action, expert witnesses, consultants, potential witnesses and/or any other person retained in connection with the litigation of this action; and (e) any Court before which any aspect of this action is present.

5.     (a)     In the event a receiving party wishes to use any "Confidential" and/or "Protected" information or materials in any affidavits, briefs, memoranda of law, deposition transcripts, or other papers filed with the Court in this action, the party submitting the information to the Court shall file a motion to file restricted access documents.  The motion shall state the restricted access documents filed contain "Confidential" and/or "Protected" information which is subject to an agreed protective order between the parties, and not to be placed on the public docket except upon order of the Court.

(b)     Documents filed by counsel as restricted access documents can be accessed and viewed by the attorneys of record and the Court, but not by the general public.  Once the motion to file as restricted access documents is granted, these documents will continue to be accessible for viewing by only the Court and the attorneys of record during the pendency of this case and after its conclusion.

(c)     This paragraph does not apply to exhibits offered at a hearing. Any Party shall be entitled to seek a protective order concerning "Confidential" and/or "Protected" material to be introduced in such a proceeding as it deems reasonable and/or necessary to protect disclosure of such information to the public. No later than fourteen (14) days before the date of any hearing or trial, a receiving Party shall advise a producing Party in writing of any "Confidential" and/or "Protected" material he intends to use in such proceeding to afford the producing Party an opportunity to seek a protective order.

6.     Promptly upon completion of this action, each party shall return to the designating party all documents designated by that party as "Confidential" and/or "Protected" and all copies thereof, except deposition transcripts or documents filed with the Court.  Each party shall certify in writing that it has returned all documents designated as "Confidential" and/or "Protected" in accord with this paragraph. Termination of the litigation of this action shall not, however, relieve any person to whom Confidential and/or Protected Material and/or Confidential and/or Protected Information was disclosed, including counsel for the parties, from the obligation of

6

maintaining the confidentiality of all such material or information received pursuant to this Joint Stipulation for Protection Order.

7.     Any party may object to the designation by any other party of any material as "Confidential" or "Protected" by notifying the party that designated the material as confidential/protected in writing and stating the basis for its objection. The parties shall, within seven (7) days after service of the objection, confer in an attempt to resolve the dispute.  If the designating party refuses to confer within the required seven (7) days, or if the parties are unable, after conferring, to resolve the matters, the dispute may be submitted to the Court for resolution.   The party challenging the designation of materials as "Confidential" and/or "Protected" shall have the burden to establish the impropriety of that designation.   If the Court determines that a party has unreasonably or in bad faith designated documents or materials to be "Confidential" and/or "Protected" which are neither confidential nor entitled to protection, the Court may award costs and sanctions as permitted under the Federal Rules of Civil Procedure.

8.     If a party inadvertently discloses any document or thing containing information that it deems confidential without designating it as "Confidential" and/or "Protected," the disclosing party shall promptly upon discovery of such inadvertent disclosure inform the receiving party in writing and the receiving party shall thereafter treat the information as "Confidential" and/or "Protected" under this Joint Stipulation for Protection Order.  To the extent such information may have been disclosed to

7

persons other than authorized person described in this document, the receiving party shall make every reasonable effort to retrieve the information promptly from such person and to avoid any further disclosure to non-authorized person.  If a producing party inadvertently discloses to a receiving party information that is privileged or otherwise immune from discovery, said producing party shall promptly upon discovery of such disclosure so advise the receiving party in writing and request that the item or items of information be returned, and no party to this action shall thereafter assert that such disclosure waived any privilege or immunity.  It is further agreed that the receiving party will return such inadvertently produced item or items of information and all copies thereof within ten (10) days of the earliest of (a) discovery by the receiving party of its inadvertent production, or (b) receiving a written request for the return of such item or items of information.  The party having returned such inadvertently produced item or items of information may thereafter, without asserting waiver because of inadvertent production, seek production of any such documents in accordance with the Federal Rules of Civil Procedure.

9.     Notwithstanding any other provision of this Joint Stipulation for Protection Order, any person indicated on the face of a "Confidential" and/or "Protected" document as having been its originator, author, or a recipient thereof, may be shown the same.  That person's representative may also be shown the same.

8

10.     Nothing in this stipulation shall be deemed to preclude any party from seeking and obtaining, on an appropriate showing, additional protection with respect to the confidentiality or protected status of documents or other discovery material, or relief from this stipulation with respect to particular material designated hereunder.

11.     Each of the firms and parties named above, by executing a copy of this Joint Stipulation for Protection Order, undertakes to abide by and be bound by its provisions and to use due care to see that its provisions are known and adhered to by those under its supervision or control.

Date: November 26, 2012.                              Date: November 26, 2012.


By:    s/ Michael W. Khalili                          By:    s/ Steven E. Williams
       Michael W. Khalili, # 24508                           Steven E. Williams, # 21111
       KNUDSEN, BERKHEIMER,                                  HARDING & SHULTZ P.C.,L.L.O.
       RICHARDSON & ENDACOTT, LLP                            800 Lincoln Square
       3800 VerMaas Place – Suite 200                        121 South 13th Street
       Lincoln, NE 68502                                     Lincoln, NE 68508
       (402) 475-7011                                        (402) 434-3000
       Attorney for Defendant                                Attorney for Pender Public
                                                             Schools a/k/a Thurston County
                                                             School District No. 87-0001 and
                                                             Paxton Consolidated Schools
                                                             a/k/a Keith County School
                                                             District 51-0006


IT IS ORDERED:
The terms and conditions of the foregoing Joint Stipulation for Protective Order are hereby adopted and ordered by the Court.

Date:        November 27, 2012

_____
United States Magistrate Judge

9

**EXHIBIT "A"**
**WRITTEN ASSURANCE**

I, the undersigned, do hereby acknowledge that I have read the Joint Stipulation for Protection Order entered by the Court in the action of *Pettigrew v. Cherry County School District No. 16-0006*, and hereby covenant, warrant and agree: (1) to abide in full by its terms regarding Confidential and/or Protected Information, as that term is defined in the Joint Stipulation for Protection Order, which I am being provided, and that I will not disclose or cause to be disclosed such Confidential and/or Protected Information to any person not permitted to receive or otherwise access such information under the Joint Stipulation for Protection Order, (2) that such Confidential and/or Protected Information should be used only for purposes necessary for this litigation in the actions of *Pettigrew v. Cherry County School District No. 16-0006*, and not for any other purpose, and (3) that I will return all Confidential and/or Protected Information that I receive upon my having served the purpose which caused me to receive the Confidential and/or Protected Information in accordance with the provisions of the Joint Stipulation for Protection Order.

DATED: _____11/26/12_____

_____Michael Khalili_____
Printed Name

_____
Signature

DATED: _____

_____
Printed Name

_____
Signature

I:\3\8923\001\045.docx

10